IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Kevin Jones, Ryan Jones, John Zingale, Kevin Phillips, | ) |
| Brook Stewart, Jason Walland, Jacob Julio, Richard Dietz, | ) CASE NO.: |
| Jim Larkin, Vince Abt, Matthew Gorski, Greg Petek, | ) JUDGE: |
| Mitchell Lorig, Rachel Slavin, Lynn Grundy, Katie Hilty, | ) **COMPLAINT** |
| Todd Hilty, Ian Wilkshire, John McGraw, Adam Freas, | ) |
| Dean Mraz, Anthony W. Lee, Bradly D. Parker, | ) |
| Frank S. Trampush, Matt Downing, Christopher Ody, | ) |
| Richard N. Neiman, Jr., Corey M. Sabo, Joe Roth, | ) |
| Josh Riley, Ryan Young, Damir Kuduzovic, Brian J. Barens, | ) |
| John Metzo, Somer Oliva, Patrick West, Eleni Neuhoff, | ) |
| Angie Warner, Brenda Stempowski, Aaron Neff, | ) |
| Randall S. Young, Laura Singer, Beverly J. Jackson, | ) |
| Calvin Cross | ) |

℅ Michael Piotrowski, Esq.
2721 Manchester Road
Akron, Ohio 44319

   Plaintiffs,

v.

City of North Ridgeville, Ohio
℅, G. David Gillock, Mayor
7307 Avon Belden Road
North Ridgeville, OH 44039

   Defendant.

  NOW COME the Plaintiffs, individually and by and through counsel, and file this Plaintiffs' Original Complaint.

## I. SUMMARY

  Defendant City of North Ridgeville (hereinafter "City") is an Ohio Municipality located in Lorain County. Defendant City employed the Plaintiffs in the North Ridgeville Police Department as patrol officers, sergeants, lieutenants, detectives, dispatchers, records clerks, and administrative secretaries. For the past three years, Defendant City has not paid overtime pay as required by the Fair Labor Standards Act ("FLSA").

  The Defendant City's method of calculating overtime wages violates the FLSA because it fails to include the Plaintiffs' contractually guaranteed wage augments in their "regular rate" of pay, the rate to which the FLSA's time and a half overtime multiplier is applied. The Defendant City failed to include longevity pay, uniform allowance, holiday bonus pay, merit pay, college pay, detective bureau pay, field training officer pay and shift differential in the regular rate of pay used to calculate the overtime rate of pay.

  Over the past three (3) years that Plaintiffs have routinely worked over eight (8) hours in a twenty-four consecutive hour period and over eighty (80) hours in a 14 consecutive day period. Working over the above-referenced thresholds entitles the Plaintiffs to overtime compensation in

accordance with the terms of the Collective Bargaining Agreement between the Defendant City and the Union representing the Plaintiffs.  In addition, the Fair Labor Standards Act requires overtime payments at similar thresholds.  Over the past three (3) years the Defendant City has routinely paid the Plaintiffs at an overtime rate that did not take into account the compensation paid to the Plaintiffs as longevity pay, uniform allowance, holiday bonus pay, merit pay, college pay, detective bureau pay, field training officer pay and shift differential. The failure to pay the Plaintiffs at one and one half times the regular rate for overtime hours is a clear and well-defined violation of the FLSA.

For these reasons, Plaintiffs seek unpaid wages, liquidated damages, attorney fees, and all other relief permitted under the Fair Labor Standards Act.

## II. JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

2. Venue is proper in this court because all of the actions complained of took place in Lorain County, Ohio within the Northern Judicial District of Ohio's Eastern Division.

## III. PARTIES

3. Plaintiffs bring this action on behalf of themselves to require Defendants to pay back-wages owed to Plaintiffs, which Defendants failed to pay in violation of § 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, et seq. ("the Act")in the three year period before the date this action was filed.

4. Plaintiffs (hereinafter "Plaintiffs") are current and former employees of the Defendant City of North Ridgeville Police Department and all addresses are listed for the purposes of public record of this Court as care of their attorney, Michael Piotrowski.[1]

5. The Plaintiffs at all times relevant hereto were each an "employee" as that term is defined by 29 U.S.C. §203(e).

7. Defendant City of North Ridgeville is a municipal corporation. The City of North Ridgeville is an "employer" within the meaning of FLSA and is subject to the FLSA under the 1985 Amendments to the Act., 29 U.S.C. § 203(d), the city of North Ridgeville is an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

8. Plaintiffs bring this action on behalf of themselves pursuant to 29 U.S.C. § 216(b). Plaintiffs are current and former employees of Defendant City and are individuals who were, or are, employed by Defendants in the past three years.

## IV. FACTUAL ALLEGATIONS

9. Defendant City is legally obligated to pay the Plaintiffs who work overtime "at a rate not less than one and one-half times the *regular rate* at which he is employed" pursuant to 29 U.S.C. §207(a)(1).

10. The FLSA defines the "regular rate" in 29 U.S.C. §207(e) as including "all remuneration for employment paid to, or on behalf of, the employee."

11. During the past (3) three years, Defendants paid Plaintiffs a base hourly rate for all hours worked. This amount is supplemented by certain wage augments (remuneration) paid in addition to the base wage rate including longevity pay, uniform allowance, holiday bonus pay, merit pay, college pay, detective bureau pay, field training officer pay and shift differential .

---

[11] See O.R.C. §§2921.24 and 2921.25.

12. These wage augments are forms of remuneration that the FLSA requires be included in the regular hourly rate before calculating the overtime rate (regular rate times one and one-half) due for all overtime hours.

13. During the last three years, the Plaintiffs regularly worked in excess of eight hours in any twenty-four hour consecutive period and/or in excess of forty (80) hours in any fourteen (14) day period. Under the FLSA and the applicable collective bargaining agreement the Plaintiffs were entitled to be paid the "overtime rate" for all of those excess hours.

14. The Defendants failed to include remuneration received by the Plaintiffs from the Defendants' in terms of longevity pay, uniform allowance, holiday bonus pay, merit pay, college pay, detective bureau pay, field training officer pay and shift differential and other regular elements of compensation in the Plaintiffs' base hourly rate for purposes of determining overtime.

V. STATEMENT OF THE CLAIMS

15. Plaintiffs repeat and incorporate all the allegations of this Complaint, as if fully set forth herein.

16. Because they did not include the wage augments in the regular rate the Defendants failed to pay the Plaintiffs one-and-one-half times their regular hourly rate of pay for each overtime hour worked as required by § 207 (e) of the Act.

17. These practices violate the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. As a result of these unlawful practices, Defendants paid Plaintiffs less than the wages required by the Act.

18. The Defendants have no good faith or reasonable ground for believing that it was justified in failing to include the various additional elements of compensation in the regular rate for purposes of calculating overtime in work periods during which the plaintiffs worked in excess of eight (8) hours in a twenty-four (24) hour consecutive period of time and Eighty (80) hours during a fourteen (14) consecutive day period of time.

19. Defendant City of North Ridgeville is aware of its obligation to include certain wage augments in the regular rate as a result of repeated discussions and testimony during collective bargaining with the Fraternal Order of Police.

21. Defendant City willfully and intentionally violated the FLSA by not including wage augments in the regular rate for the Plaintiffs.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand:

1. Judgment against Defendants for an amount in excess of Fifty-Thousand Dollars ($50,000) and equal to Plaintiffs' unpaid back wages at the correct overtime rate for each hour worked over forty in any 6 day period or over 8 in any 24 hour period in the 3 years immediately preceding the filing of this action;

2. Judgment against Defendants that their violations of the FLSA were willful;

3. An equal amount to the wage damages as liquidated damages;

4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

5. All costs incurred and reasonable attorney's fees for prosecuting these claims;

6. For such further relief as the Court deems just and equitable.

Respectfully submitted,

___/s/ Michael W. Piotrowski_____
MICHAEL PIOTROWSKI (0063907)
2721 Manchester Road
Akron OH 44319
(330)753-7080
(330)753-8955 Fax
ohiofoplawyer@me.com


___/s/ Gwen Callender_____
GWEN CALLENDER (0055237)
222 East Town Street
Columbus, Ohio 43215
(614) 224-5700
(614) 224-5775
gcallender@fopohio.org

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

A copy of the foregoing Complaint has been mailed this XXth day of September, 2016 by regular first class, U.S. mail, postage prepaid to the Defendants as listed below:

City of North Ridgeville, Ohio
℅, G. David Gillock, Mayor
7307 Avon Belden Road
North Ridgeville, OH 44039

___/s/ Michael W. Piotrowski____

                                                      MICHAEL PIOTROWSKI